Good afternoon, everyone. Welcome to the Illinois Appellate Court, 1st District, 6th Division. We'll ask the lawyers who are going to argue to please step up, introduce themselves, and tell us who you represent. Both of you for just a moment, please. Good afternoon. Michelle Moroney on behalf of Appellant Defendant Betty Cunningham. Good afternoon. David Aduzzi on behalf of Appellee Isabella Hebert, Executive Director of the Estate of Kevin Cunningham. All right. Thank you, Counsel. We are going to have about 15 minutes for each side. The appellant gets a few more minutes for rebuttal. Please remember we have really, really read everything. We understand what this is about. It's ERISA versus the MSA. We're familiar with the facts, so please focus your arguments on your strongest points and on responding to the court's questions. All right? Thank you. Ms. Moroney, you can begin when you're ready. Good afternoon, Veterans. Michelle Moroney on behalf of Appellant Betty Cunningham. We are coming here today from an appeal from the trial court order granting summary judgment to the estate on July 25, 2017. Excuse me. Cunningham argues that the estate's declaratory judgment action in state court is barred by the doctrine of res judicata. Federal court decided the declaratory action as to the rightful beneficiary, and they determined that the rightful beneficiary was Betty Cunningham. In the federal court case, the estate argued that the divorce decree was a quadro. And in state court, they argued that the trust and disillusions of marriage act applied and automatically extinguished my client's interest in the 401k proceeds. Let's start with this question. After the divorce and before the husband died, was he free to change the beneficiary? Yes, he was. Without any problems with ERISA law or having that in the QDRO? Correct. Okay. I'm surprised this issue hasn't come up before. We've got some cases you're citing that are close, but I'm not sure we have anything exactly on point. But you're arguing res judicata. Yes. And what's your way around what the federal judge did? Because the federal judge appeared to expressly reserve the state law contract issue and said, I'm not going to decide that part of it. I'm only going to decide ERISA. My argument regarding the res judicata does not apply to the breach of contract claim. It's only applying to the declaratory action claim, because the arguments made in the declaratory action could have been brought in their back action in federal court, because they did argue that it was a quadro. They could have very well brought in the trust and disillusions of marriage act, and they could have brought in the waiver issue. Waiver issue, I waiver myself on, because that is part of the breach of contract issue, so I don't exactly bring that into my res judicata argument also, because that would be part of the state court claim for breach of contract. As I was saying, that the trust and trustees, trust and disillusions of marriage act argument could have been brought in federal court, and counsel, let me ask you. Yes. I'm jumping ahead a little bit, but the trial court and the circuit court. Yes. What was the basis for deciding that the trust and disillusion act even applied? Is a 401k a trust? It is not. The trial court did determine that it was a trust, because there is language in the plan documents that name fidelity as a trustee, but I view it as fidelity as the trustee for the employer, not the employee. We don't have any of that information. It's in the record, this document. But again, 401ks usually are not trusts generally. Correct. So in fact, if you put a 401k in a trust, it becomes a taxable event, and then the 401k becomes taxable. So you usually advise people not to place it in a trust. I agree. So that's why I'm surprised that the court could find that this was a trust, just because there's like the word trust somewhere in a document doesn't make it a trust. But anyway, the court did say that. You know what word in the record that it is if you don't? It's in the undisputed facts that the joint undisputed facts that me and counsel agreed to. There was a number of documents that included the plan documents. Thank you. You're welcome. The district court gave us a final judgment on the merits as to who the rightful beneficiary was, and the doctrine of res judicata bars subsequent actions and extends to matters which could have been decided in that suit, which I believe applies to the Trust and Marriage of Dissolutions Act. The claims asserted in the state court declaratory action and the federal court declaratory action filed by the estate stem from the same group of operative facts. We're dealing with the same facts in both situations. No new facts, no new evidence has been added to either the federal court or the state court. They were the same facts, the same documents, the same parties. And in the opinion of the appellant, there are, therefore, abide by the doctrine of res judicata. The appellant's second argument is the Trust and Disclusions of Marriage Act is superseded by ERISA. Not only could the state have brought this argument before federal court, and I believe that they probably should have, because there are cases. Counsel, let me ask you. If we find that the divorce judgment explicitly, it's an underlying, explicitly waived Betty's interest in the 401K, could we still affirm the circuit court's judgment on that basis? Yes, you can. Yes, you can. Because if you, it's technically based on a breach of contract, so that is the count that I believe should only be part of the circuit court's lawsuit that was filed by an appellee. And I believe they had the right to file the declaratory action. I only believe that they had the right to file the breach of contract action. If the trial court found that there was a breach of contract, we have the right to appeal. So you have the right to affirm the trial court's or reverse, but you do have the right to affirm the trial court's decision. Excuse me. One of the leading cases regarding the 401K proceeds is Engelhoff v. Engelhoff, which I believe is analogous to the matter at hand. In Engelhoff, the decedent had a 401K plan, and they were from the state of Washington. Let me just cut to the chase here. Your briefing suggests that the divorce judgment was insufficient, insufficiently specific to waive her interest in the 401K. The decree states that each party shall retain sole ownership of their separate retirement assets, that the decedent shall retain sole ownership of the 401K account, and that the parties forever relinquish, release, and waive all property rights they may have in the property of the other. How is this language not sufficient enough to encompass the 401K? How could it be more explicit? Tell me, what would you add to that to make it more explicit? I think that her beneficial interest should have been waived. She did not waive her beneficial interest. She waived her ownership. Isn't that like splitting hair? You're like splitting hairs. That sounds like you're dancing on the head of a pin there. I don't understand. What do you mean? Well, there are a number of cases that agree with my position. One is the Kennedy v. Plan Administration, where they say the waiver of the plan benefits was inconsistent with ERISA and was ineffective. But we're not talking about ERISA here at this point, are we? No, we are not. But a number of cases in Illinois also agreed, those Williams v. Gatling, where the ex-spouse was the named beneficiary to an insurance policy and an employee stock ownership plan, and the deceiver passed away and had four years to change his beneficiary but failed to do so. That's different from this case, counsel. Well, those facts are in opposite to what's the facts in this case. Also, Leahy v. Leahy, the federal court ruled that the former spouse's beneficial interest was not a claim but an expectancy interest. And also in that case, the decedent had an opportunity to change their beneficiary. So tell me specifically, how could this, and always, you know, the dispute arises after the fact, but how could the language have been more explicit than what I just read, that's taken directly from the judgment, the divorce judgment? How could it be more explicit? I believe in a divorce decree, they would waive any beneficial interest in any accounts of the former spouse, that the divorce decree would specifically say that if a spouse forgets or for some other reason has not changed their beneficiary to an asset, then that beneficiary is automatically extinguished as to the former spouse. Well, in the divorce decree, it says that each party heretofore quit claims, releases, waives, relinquished all property rights and claims. All property rights and claims. Correct. So a beneficial interest doesn't fit into either one of those categories? I don't believe so, because it's an expectancy interest, and he had the right to change his beneficiary at any time during the 11 years before, between the divorce and his death. He could have, we don't know, and he's not here to tell us, but he very well could have wanted her to have that 401k of policy. Do you think that would have been the difference there, counsel, if you're correct in your assessment of the law? Would he have known that a beneficial interest may not be a property right or claim? I mean, is that something generally people know about? Some people do, some people don't. We don't know, because we're not here to ask. He's not here to tell us what he wanted. All right. The appellant does not believe that the marriage settlement agreement waives her interest as a beneficiary in any of the seating's assets. No expectancy interest was terminated in the divorce decree. Excuse me. The appellant cites two Robson versus electrical contractors, arguing that this is a controlling case. I believe that contention to be erroneous, because in Robson, the parties had a quadro. There was no quadro in this matter, and the pension is not a 401k, but a pension trust benefits that were loaned to the state of Illinois. Let me ask this. I know this started out as sort of a counterclaim and probate, got removed to federal court. In federal court, there was an interpleader, right? Yes. So the people, the company that held the 401k money said, we're not going to get in the middle of this. And was that money actually deposited with the clerk of the court? Yes, and it's still there. And it's still in the clerk of the federal court's hands? Correct. Okay. Yes. Also, counsel, the appellee cites to Davis and the state of Davis and Cooley to support their argument that Mrs. Cunningham waived her interest. Davis and Cooley don't deal with 401k proceeds. They deal with IRAs and annuities, which is governed by a completely different body of law. ERISA does not govern those assets. And I would agree with counsel, if this was an IRA or if this was an annuity, that we would not have proceeded in this matter and that those assets would have been part of the estate, or if there was a contingent beneficiary, the contingent beneficiary would have then received those assets. The appellee also cited to another case, which I believe is Davis v. Drake, which is not actually precedent. It is a magistrate's order that indicates that the breach of contract issue and the tort claim and the conversion claim were not resolved. I don't believe it's not precedent, and I don't believe it should have been. It's an unpublished order that shouldn't have been cited in the appellee's brief. We've got about a minute left, so if there's anything else. Can I ask a quick question? Yes. One of the cases you cite, Leahy v. Leahy, talks about a wife that didn't waive their contingent beneficial interest. But that was in a land trust. That wasn't in a plural case, is that right? Yes, that was in a land trust. She does leave the contingent beneficiary upon his death, the estate. It's a little different than what we have here, is it not? It is, but it's still an expectancy interest. Unless he dies, she does not receive, and he could have changed it. Thank you. Thank you. All right. Thank you very much. Mr. Aduce. Good afternoon again, Your Honors. May it please the Court, my name is David Aduce. I represent the appellee in this case. I'd like to start off by actually addressing a couple questions that Justice Connors raised. One was the question on whether or not this was determined to be a trust. The trial court's determination specifically found it was a trust. In fact, at the trial court level, the appellate argued that the trust in the Dissolution of Marriage Act statute should not apply because this is not a trust. The issue, though, however, is that parties have stipulated that this is, in fact, is a trust. You referenced where in the record that is found. You can see those items are all raised in the lower court trial briefs. However, I'll point you to the stipulated facts, which refer to the plan. And, in fact, one of the parties that removed the case was the Fidelity Management Trust Company, which was the trustee for purposes of trusting and administering the 401K plan. And those plan documents specifically identified it as a trust, specifically required that it was going to follow the rules of the Internal Revenue Code to qualify as a trust. And on appeal, all those arguments have been abandoned by the appellant, which I believe are waived at this point. The appellant has not argued in its briefs or even pointed out that the act shouldn't apply because this is not a trust. But you must admit all 401Ks are not trusts. It depends on the plan document. Well, as I'm saying, so I'd like to see that, but where in the record is it? That is in the record in the underlying briefs.  But not the agreement, but the exact language in the 401K document. Yes. Yes. In fact, it was a stipulated fact in the underlying proceeding. Well, you can stipulate all you want, but I want to see it. To address your question earlier and your follow-up on the lady question, which might crystallize this issue a little bit more, is the Trust Act specifically says it applies to all documents that are non-testimony trusts. Okay? They're not traditional like you think, except the ones that they specifically exclude. And 401K IRAs are not ones specifically excluded. Now, in Leahy, the Trust Act was actually used to argue that the ex-wife didn't waive her interest in the land trust because the Trust Act in its list of exempt documents that don't qualify as trusts under the act in which it's applicable is a land trust, is one of the trusts that are not covered. So, Leahy actually was, the Trust Act was swiped on its head to say, well, because the law is I don't waive interest, my expectancy interest in a land trust, the Trust Act specifically excludes. It means I have to include some kind of specific release of that for the act not to apply. She always said a trust was a document that's prepared by a settlor and provides for someone who's a third party to handle all the assets of the trust. Now, that's not what 401K is. I would concur with you in the logical sense. Yeah. But if you look at those lists of exempted out documents, you would think that none of them are like that. What you're actually talking about are testamentary trusts, a living trust, where I want my property to go, where I'm alive. That is a testamentary trust. This talks about non-testamentary trusts. It includes IRAs. You wouldn't. You're talking about the Marriage and Divorce Testamentary Act. The Trust and Dissolution of Marriage Act, yes. Okay. It's very specific in that. But I will concur with you that it kind of relies on logic of what you would expect a trust to be, but they qualify for tax purposes, you know, courts. You've already seen some of the cases that we've studied that apply to annuities, IRAs. I think your concern would be the same as to those as well. But nonetheless, it applies because they're not exempt. Counsel, can you address for me your opponent's argument that because the divorce decree does not explicitly state that the parties were waiving any expectancy or beneficial interest in the 401K account, that it's not waived. I mean, was that specific language necessary for the waiver to be effective? I don't think so. This Court didn't think so in Robeson, first district case. It didn't have that terminology in there. What was important in that case, as in this case, and as the trial court found, is that under the MSA, parties agreed that they each have retirement assets, and they basically were entitled to keep their assets free of any claims or rights the other party may have into them. And that was sufficient for the Court because it was identified. Our 401K plan is identified. And then it goes on to not only include all the waivers and releases, but our case, which actually poses a better case than the Robeson case presented, goes on to include covenants not to sue and obligations to execute future documents to effectuate that waiver of rights, including in whatever capacity and whatever entity you might want to bring those rights, including in your capacity as a widow, including suing the estate or heirs of the decedent. So clearly, the terms of the MSA were not only just releasing and waiving those rights that exist then, but any future interests that could arise under any capacity in any era or state of a party. So I think that is what makes our case even better and more compelling than Robeson, and the language is nearly identical to what was presented in Robeson. I think our case is actually even better than that. Let me ask you a follow-up question. The decedent never changed the designation of Betty as the beneficiary of the 401K in spite of the passage of several years from the ‑‑ between the time of the divorce and until he died. Divorce was in 2003, and he died in 2014. So he had a long stretch of time there. And Betty suggests, I mean, her argument is that this indicates that his ‑‑ that he intended her to remain as a beneficiary. What do you say to that, and is that relevant to our analysis? Well, certainly what the intent was in the MSA is relevant. Okay. And the language, as in Robeson, as well as the trial court, said the language in itself was sufficient. The MSA includes language prospectively going into the future. I'm sorry, could you repeat that question again for me? I kind of lost track of it. I want to make sure I'm answering your question. I'm asking the fact that he didn't change Betty as the beneficiary in that period of time between the divorce, which was in 2003, and his death in 2014. Betty suggests that that shows that he intended her to remain as a beneficiary. And I'm asking you, what's your response to that, and is that relevant to our analysis? The first thing to answer to that is I think the agreement is sufficient to reflect the intent not to designate her because we have the Trust and Dissolution of Marriages Act, which says that if you intend to keep that beneficiary that's existing at the time of your divorce, you have to re-designate. You have to take the affirmative action to re-designate because by operation of law, as a matter of law, the day that divorce decree is entered, it's revoked. It's gone. And the courts, two cases that are cited that interpret it say that is evidence of the fact that the parties intended by not doing a new designation form, it does not show, it means there was intent not to re-designate that beneficiary. And went on to say that it does not, the fact that nothing is done is not a valid argument that it renews the beneficiary designation that may have never, ever been changed. But the fact that this has been bouncing around for as long as it has illustrates that I think the point you just made may not be on sound basis because it's not that clear that it automatically revokes because we've got this big fight and we've got a federal judge who ruled one way. And from looking at it from one perspective, it seems like it might be a malpractice case against the divorce attorney for not telling the client, hey, make sure you change the beneficiaries if your wife was named on anything. Very good point from an estate planner's point of view, Your Honor. I would certainly agree with you on that statement. But one thing you hit upon on a very important point that Robeson actually acknowledges. The decedent was not represented by counsel at the time of the divorce. The agreement was drafted by the appellant's counsel and represented the appellant in the divorce proceedings. And by virtue of that, if there's a... No one was whispering in his ear saying, make sure you change the beneficiaries. The agreement should have been, should be strictly construed against the appellant for that reason. And Robeson acknowledges that. So what's your best case for non-action in changing the beneficiary? It means that you abide by the MSA, not by the action of not changing the beneficiary. The estate versus Drake is the case I said. Drake, yeah. It's not Drake versus, it's not, I'm sorry, estate versus Davis. Davis. There's a case, Davis versus Drake, which is also the estate versus Davis, which is really on all fours with the facts of this case. And goes to the point that the failure to redesignate is evidence of the intent not wanting to have them designate, redesignate that as a beneficiary. And the burden is on that person to redesignate, and it's charged with knowledge of the law, the act, that is revoked. As far as the malpractice question, maybe there's malpractice for Betty's attorney because he should have specifically included it in the case, So essentially, I would say to your honors, that your court's review and ultimate decision should begin and really end with looking at the Trust and Dissolution of Merits Act. It's by operation of the law, the only basis on which the court can decide   in which the appellant can possibly claim any interest in the 401k funds is by virtue of that beneficiary designation. It's a matter of law. Remind me, how much money is at stake here? $343,000 and some change.  Somewhere in there. Yes. So, okay, so getting to the preemption argument that the appellant raises, that was not an argument raised at the trial court. That is an argument that was raised and handled and determined by the district court, was very clear of what ERISA controls, the breadth of its preemption doctrine, and its findings based on it. If the appellant disagreed with that ruling, the appellant should have appealed that district court order. The appellant did not do that. The appellant didn't raise that argument at the trial court, raises for the first time on appeal here. I believe that that argument is waived for that reason, not to mention the fact that I cite in the brief that the district court's ruling as to ERISA, its breadth and what it controls, and that the plan loses those protections once the money is distributed or awarded. That becomes law of the case. It's binding on this court. I believe it's also the appellant is collaterally stopped from raising it. They cite the cases and the Baird case, which is actually a district court case, is very clear on point. When you decide a federal court issues, the state court claims continue without prejudice. Now, I'll mention another thing procedurally. Other than substantially, the declaratory action, the race judicata argument on declaratory action, procedurally, and it noted in the opinion of the district court, the declaratory action that was brought by the executor in the federal court was under the federal declaratory judgment act, not the state one. The declaratory action brought in the state court was under the airline procedure rules 2-701. The court notices that distinction. The federal court noticed that distinction in the federal court case. So even procedurally, it was brought under state law, and substantively, which is more importantly in my mind, was only based on state law claims and state law, the trust act, contract law, enforceability of a divorce decree. So I think all the ERISA arguments, including whether or not ERISA preempts the application of the trust act that the trial court applied and is before you now, is a nice starter. And then whether or not the trust act actually revokes it is also a weight. It has not been argued in the appellant's brief as not even before this court. So I believe that issue is weighed by the appellant. Unless the court has any questions, I'd like to end on that. Thank you very much. Ms. Moroney, you have time for a very brief rebuttal. I would like to start again with the Robson matter. The ERISA has an anti-alienation clause where if there's a quadro in place, the beneficiary to the 401k plan will fail. In our case, we do not have a quadro. She was just the main beneficiary. In the Robson, it wasn't a 401k plan. It was an Illinois pension, but they did have a quadro. So I think they're an opposite of each other and do not apply. As for the state of Davis and the Queen matters, with the designation for the Trust and Disclusions of Marriage Act, they have to deal with IRAs and annuities, not 401k plans. ERISA doesn't govern IRAs and annuities. ERISA does, and based on the anti-alienation clauses of ERISA and ultimate pay annuities rules under ERISA, Davis and Cooley don't apply in this matter either. As for the Trust and Disclusions of Marriage Act, it specifically says that it revokes a trust that was prepared by a settlor. So that means if a husband prepared a trust and had his wife as a beneficiary, then upon divorce, then that wife would be treated as deceased and vice versa. You don't have that issue here. You don't have a trust that was created by the decedent. We have a trustee, which is fidelity, that is essentially holding funds in a 401k plan for the employer. Did you agree, though, it was under the trust? It was the trust? Counsel suggested you agreed. It's a trust. It is a trust, but it's not a trust that where this act applies. It's not. There's different kinds of trust. Yes, I know. So this is, I believe the Trust and Disclusions of Marriage Act is going to apply to living trusts, revocable trusts that are created by individuals, irrevocable trusts created by individuals. It is not going to apply to a definition of a trust and trustee that is defined by a plan document. How do you know that? Is it in the trust statute? It says, judicial termination of marriage of the settlor of a trust revokes every provision, which is revocable by the settlor, pertaining to the settlor's former spouse. So it would be a document that is prepared by a settlor that would be a husband or wife. Thank you very much. The Court will take the matter under advisement.